Sent via email

FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 23 2013  PM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

SEA 79097

Douglas L. Kimzey (Pro Se)
P.O. Box 50250
Bellevue WA 98015
425-881-7777
WedgeCo123@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

Kimzey (Pro Se), on behalf of himself,

Plaintiff,

v.

Yelp Inc.

Defendant(s).

Case No.: 13-CV-1734 RAJ

**COMPLAINT FOR:**

(1) **VIOLATIONS OF THE RICO ACT (CIVIL) 18 U.S.C. § 1964(c);**

(2) **VIOLATIONS OF WASHINTON UNFAIR BUSINESS PRACTICE, UNFAIR COMPETITION, RCW 19.86.020;**

(3) **MALICIOUS LIBEL;**

(4) **LIBEL PER SE**

**DEMAND FOR JURY TRIAL**

Plaintiff Douglas L. Kimzey ("Plaintiff" or "Kimzey"), on behalf of himself doing business as, DBA "Redmond Locksmith" also known as, AKA "Redmond Mobile Locksmith" hereby sues Defendant Yelp, Inc. ("Defendant" or "Yelp") and, upon information and belief and investigation alleges as follows:

Kimzey vs. Yelp Inc.

13-CV-01734-CMP

Western District of WA

# JURISDICTION AND VENUE

1. Yelp's main business headquarters are located in San Francisco County, California USA.

2. The defendant's actions are causing injury in King County, Washington USA.

3. Venue is proper in the United States District Court of Western Washington pursuant to 28 U.S.C. § 1332 because Plaintiff resides in and has suffered injuries as a result of Defendant's acts in this district, many of the acts a giving rise to this action occurred in this district, and Defendants (1) are authorized to conduct business in this district and have intentionally availed themselves of the laws and markets of this district through the promotion, marketing, and sale of advertising in this district; and (2) are subject to personal jurisdiction in this district.

4. Parties involved reside in different States. The matter in controversy exceeds the sum of $75,000.00

# PARTIES

5. Plaintiff Pro Se, Douglas L. Kimzey ("Kimzey") is owner and operator of Redmond Locksmith / Redmond Mobile Locksmith ("Redmond Locksmith") RedmondLocksmith.com, a sole proprietorship with its principle place of business in Redmond WA (Seattle's Eastside).

6. Defendant Yelp is a Delaware corporation with its principal place of business in San Francisco, California. Yelp owns and operates Yelp.com, a nationwide Internet business

directory and business reliability rating and review service. Yelp also operates a similar service in several other countries.

7. Yelp's revenue comes from Internet adverting sales.

8. Yelp is listed on the New York stock exchange as the symbol YELP.

9. Yelp's Total Revenue in 2012 was $137,567,000.00.

10. September 2013, the total dollar value of all of Yelp's outstanding stock was more than $3.39 billion.

## INTRODUCTION

11. This complaint concerns Libelous and Libelous Per Se content that Yelp created and developed in the form of a Yelp promotion, and caused to appear on another company's website Google.com ("Google"), defaming the Plaintiff's own personal reputation in the eyes of his peers within the locksmith industry and also his customers and also defaming his business name Redmond Locksmith / Redmond Mobile Locksmith, and further causing injury by placing this Libelous Per Se promotion on the same page that the Plaintiff's paid advertising appears on Google.

12. Yelp's business model is to masquerade as a legitimate and truthful business directory, rating, and review, site however their reviews are not verified to be the truth. In the last 4 years prior to July 2013 the Federal Trade Commission ("FTC") has received more than 865 complaints against Yelp from similarly situated business owners nationwide, stating the same to be true.

13. In the same period The Better Business Bureau (BBB) has received more than 1106

complaints against Yelp from similarly situated business owners nationwide, stating the same to be true. (The BBB is a non-profit organization founded in 1912, the BBB mediates complaints and thereby verifies their business reviews to be true and accurate.)

14. Yelp's deceptive statements implying that their reviews are truthful include the following but are not limited to: "giving voice", "word of mouth", "valuable", "filtered", "rich", "first hand", "efficacy", "transparency", "breadth", "depth", "in-depth", "core", "passionate", "full text", "detailed", "updated", "fresh", "relevant", "recent", "trusted", "credible", "authenticity", "integrity". Section 5 of the Federal Trade Commission Act (The "FTC Act") prohibits unfair or deceptive acts or practices in interstate commerce.

15. If a business listed by Yelp.com does not pay a fee of approximately $300.00 per month and higher, they are subject to Libelous statements and one-star reviews (the worst). The five-star (the highest or the best) review content is manipulated and/or removed.

16. Yelp has been successful with their business model **only because of** the protection it has under the 1996 Communications Decency Act Title 5 Chapter 47 U.S.C. § 230(c), ("47 U.S.C. § 230").

17. However Yelp is not immune under 47 U.S.C. § 230 for Libel they have created and developed and caused to appear on another company's website.

**STATEMENTS OF FACT**

18. This complaint arises from commercial speech, which is not protected under the 47 U.S.C. § 230.

19. 47 U.S.C. § 230 is completely inapplicable in this matter, as Plaintiff is not suing

- 4 -

Yelp for statements made by a third party.

20. Yelp's statements are actionable as they convey statements of fact and not statements made by a third party information content provider.

21. The Plaintiff has sustained injury in fact.

22. On or about September 20th 2011 Yelp caused to appear a Libelous Per Se statement about the Plaintiff's business on another company's website, Google.

23. On or about September 24th 2012 Yelp republished that same Libelous Per Se statement on Google, together with second false statement, that second statement gives support to the first statement, stating the first statement to be true. That second **false statement** claims that a receipt exists as further proof the first statement is true. In fact no receipt exists, Redmond Locksmith was not party to the transaction described.

24. During this same period September 20th 2011 to the present Yelp continually republishes this Libelous Per Se content on Google, by adding newly developed advertisements.

25. On or about the same time Yelp developed, created and caused to appear on Google an image of five stars with only one star colored in and placed it above that Libelous Per Se statement, which Yelp uses to corroborate and/or give credibility to that statement and for shock value to gain the consumers attention.

26. Yelp's name appears **in color** above this image and Libelous content.

27. Once a consumer "clicks" on the Yelp promotion that appears on Google for the purpose of reading the complete Libelous Per Se statement they are directed to Yelp.com

- 5 -

Kimzey vs. Yelp Inc.                                  United States District Court for the Western District of WA

and then shown Yelp sponsored advertising.

28. This advertising, by which Yelp, profits, consists of the plaintiff's competitors.

29. This libelous Per Se content shown on the Yelp promotion links the Plaintiffs Business name Redmond Locksmith, website RedmondLocksmith.com, and unique phone number 425-881-7777, to illegal activity and to organized crime known to most, if not all professional locksmiths, to be connected with a nationwide illegal scheme in the locksmith industry. As described in detail in; Postal Inspector's Affidavit filed in Support of Criminal Complaint, filed 2009. And known by many consumers to be connected to an illegal scheme. This consumer knowledge comes from seeing the scheme broadcast on three, major TV networks including NBC, CBS, ABC and the Today Show, and Good Morning America, and TV stations in most major US cities. Also seen on You-Tube: By typing in: "Today Show Locksmith Scam" This scheme is still in operation nationwide.

30. This illegal scheme is operated by the EL-AD Group, which uses thousands of fictitious locksmith business names on the Internet in every major US city, to promote themselves, and is also known and recognized as $14, $15, $19, $29, $35 locksmith (any city name). The scheme is also recognized by the following but not limited to;

(a) "**technicians**"

(b) "was greeted "**rudely**" by the person I spoken to earlier."

(c) Quoted: "$35 for the service call and $15 for the lock", on completion of work "technician" asked for "$35.00 for the service call and $175.00 for the lock."

(d) "The technician called and said he'd be at my office in 30 min, an hour goes by

- 6 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

and nothing."

31. The Libelous Statement, that now appears on Google and linked to the Plaintiff's business first appeared on the Internet **prior to** September 2011 in the form of a complaint about an EL-AD Group affiliate named "Redmond Mobile" phone (425) 318-4257. That complaint then transitioned to Yelp.com and was linked to the Plaintiffs business name and then transitioned to Google.com as a Yelp promotion, together with a colorized one-star rating image created and developed by Yelp.

32. The advertisements that appear on Yelp's Google promotion, about the Plaintiff are the same El-AD Group affiliates that the complaint was originally made about.

33. The Libelous promotion about the Plaintiffs business that appears on Google.com was created and developed in whole or in part by Yelp.

34. This Yelp promotion on Google is referred to by Yelp as **"Traffic Acquisition"**

35. Yelp **took ownership and was the speaker** of the Libelous Per Se statement at which time Yelp caused it to appear on Google to promote the Yelp brand and to gain prominence in the market place and to profit from it financially. Using this promotion to direct consumers to the Yelp.com website.

36. Yelp **has reason to know** the statement is Libelous Per Se. Yelp has been notified by phone, e-mail, and certified mail sent to their legal department.

37. The only response from Yelp has been:

(a) Yelp is protected by the Communications Decency Act, "CDA § 230"

(b) Yelp stopped the Plaintiff from interactive access to Yelp.com.

- 7 -

Kimzey vs. Yelp Inc.  United States District Court for the Western District of WA

(c) Yelp employees began asking the Plaintiff to pay them money, monthly.

38. January 2013 at the conclusion to the United States v. Google involving FTC antitrust investigations into the operations of Google. Google stated that Yelp has the "**option**" to have their content "**appear on Google or not appear on Google**".

39. The public believes the star rating that appears above the business name to be an overall average of fact, and not just the opinion of Yelp.

40. 15 U.S.C. §§ 45 and 52, and The Federal Trade Commission Act 16 CFR 255(b), 255.5; use of testimonials and endorsements in advertising, "Endorsements" that consumers are likely to believe and reflect the opinions of someone other than the advertiser, require the discloser of any connection between the endorser and the advertiser if such connection might materially effect the weight or credibility of the endorsement.

41. A true one-star overall average rating is not possible unless Yelp **developed and created** reviews, has deleted positive reviews, or has **manipulated reviews,** or has prevented a business owner or his family from making positive reviews by restricting access, or by posting statements on their website forbidding relatives to make reviews.

42. Yelp creates review content by asking multiple choice, questions for a reviewer to "click", one, or two, or three, or four, or five stars. Yelp also designed the star image and created the color. Therefore Yelp has **developed and created** this worst overall rating of one-star in whole or in part.

43. Redmond Locksmith has no publicly or otherwise stated **customer** complaints.

## ALEGATIONS

44. Plaintiff brings this action on behalf of himself and all others similarly situated and the public. (non sponsors)

45. This action presents questions of law and fact and include but are not limited to:

46. Whether the defendant unfairly and unlawfully **was the speaker** of Libelous or Libelous Per Se content about the Plaintiff's business and caused the same to appear on Google.com, another company's website.

47. Whether the defendant unfairly and unlawfully **created and developed** a Libelous Per Se Statement in the form of a promotion, linked to the Plaintiff's business and caused it to appear on another companies website Google.com, and doing so had **reason to know** of the falsity but with reckless disregard maliciously continued to publish that content in order to profit financially and gain prominence in the market place, prominence and financial gain that would not otherwise have been realized.

48. Whether the defendant unfairly and unlawfully created and developed a Libelous Per Se promotion about the Plaintiff's business and caused it to appear on another company's website Google.com, **on the same page as the Plaintiff's paid advertising** in violation of Washington **Unfair Competition** RCW 19.86.020.

49. Whether the defendant unfairly and unlawfully **violated the RICO Act** 18 U.S.C. **§ 1964(c)** by engaging in extortion tactics, and Libel Per Se and the selling of advertisements linked to the Plaintiff's business profile to competitors who were guilty of organized criminal activity, the same crime that Yelp accused the Plaintiff and continuing to do the same after having reason to know of its falsity. And after becoming aware asked the Plaintiff

- 9 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

to pay money every month to the defendant in the form of "advertising monies". And profiting by doing so and committing similar acts on other businesses nationwide. (Reference 865 FTC complaints). In violation of the RICO Act 18 U.S.C. § 1964(c)

## FIRST CAUSE OF ACTION

(Violation of the RICO Act 18 U.S.C. § 1964(c))

(Plaintiff Kimzey v. Defendant Yelp Inc.)

50. Plaintiff incorporates by reference paragraphs 1 though 49 inclusive, as though fully set forth herein.

51. Plaintiff asserts this cause of action on behalf of himself and others similarly situated (non sponsors).

52. Accordingly the Defendant violated the RICO Act 18 U.S.C. § 1964(c), Malicious Libel, Libel Per Se, Unfair Business Practice, Unfair Competition, Extortion Tactics, any person injured in his business by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorneys' fees. Plaintiff is entitled to injunctive relief and equitable relief in the form restitution and disgorgement of all earnings, profits, compensations and benefits, Defendants obtained as a result of its unfair and unlawful acts and practices.

53. The Defendant developed and created Libelous Per Se content that links the Plaintiffs business with known organized crime and criminal activity in his occupation

- 10 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

having reason to know that content was Libelous Per Se caused that same Libelous Per Se content to appear on the Internet on another companies website (Google) and did so for:

(a)  The purpose of gaining **traffic acquisition** to the Defendants website,

(b)  The purpose of gaining **prominence** in the market place for the Defendants own business. The purpose of, **profiting financially** from selling advertising on this Libelous Per Se promotion.

54. The Defendant used Extortion Tactics by asking for monies in the form of advertising revenue from the Plaintiff and upon **not** receiving such monies prevented the Plaintiff from interacting with Yelp.com and the ability to defend himself on the Internet from additional Libelous Per Se content that appeared on Google and Defendant left intact the Libelous Per Se content that was currently appearing.

55. As a result Defendant committed Civil Extortion by intentionally and unlawfully using implicit or explicit threats to injure and/or harm the Plaintiff in his occupation and to prevent him from performing his occupation.

56. Further, the Plaintiff has been deprived of money and reputation as a result of the Defendants wrongful conduct and unlawful acts and practices and, therefore, has sustained injury in fact.

57. The Plaintiff seeks a Court Order requiring the Defendant to immediately cease such violations mentioned herein and enjoining it from conducting business via the unlawful and unfair acts and practices complained herein.

58. Plaintiff additionally requests an order requiring Defendant to disgorge its ill-gotten

gains as described above and awarding Plaintiff full restitutions of all monies wrongfully acquired by Defendant by means of such unlawful practices and acts of unfair competition plus interest and Attorneys fees, so as to restore any and all monies to Plaintiff which were acquired and obtained by means of such deceptive, unfair or unlawful, business practices.

59. These violations serve as unlawful predicate acts for purposes of 18 U.S.C. § 1964(c) and remedies are provided therein under 18 U.S.C. § 1964(c)

**WHEREFORE**, Plaintiff Douglas L. Kimzey prays for relief as follows:

## SECOND CAUSE OF ACTION

(Violation of Unfair Business Practice, Unfair Competition, RCW 19.86.020)

(Plaintiff Kimzey v. Defendant Yelp Inc.)

60. Plaintiff incorporates by reference paragraphs 1 though 59 inclusive, as though fully set forth herein.

61. Plaintiff asserts this cause of action on behalf of himself and others similarly situated (non sponsors).

62. Washington Business RCW 19.86.020 prohibits unlawful or fraudulent business practice that is considered to be, Unfair Business Practice and Unfair Competition in business.

63. That Yelp caused Libelous Defaming content in words and image about the Plaintiffs business to appear on another company's website Google.com, on the same page as the Plaintiff's paid advertising, causing not just loss of reputation but also causing loss of monies paid for that advertising. Thereby committing the unlawful act of Unfair Competition

- 12 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

against the Plaintiff.

64.  As a direct and proximate result of the above described practices Plaintiff sustained damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff Douglas Kimzey prays for relief as follows:

### THIRD CAUSE OF ACTION

(Malicious Libel)

(Plaintiff Kimzey v. Defendant Yelp Inc.)

65.  Plaintiff incorporates by reference paragraphs 1 though 64 inclusive, as though fully set forth herein.

66.  Plaintiff asserts this cause of action on behalf of himself and others similarly situated (non sponsors).

67.  Defendant did in fact create and develop and was the speaker of a **Libelous Statement in image,** a one-star rating image about the plaintiff's business and caused it to appear on another company's website Google.com. A one-star rating image that the public believes to be fact and not opinion of the plaintiffs business and **that corroborates and /or gives credibility to** a Libelous statement that follows it, and doing so had knowledge of its falsity, and continued to do so with reckless disregard and malice and did so for financial gain, thereby committing the unlawful act of Malicious Libel against the Plaintiff.

68.  As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiff by receiving substantial monies and profits from competitors purchasing advertising on Yelps Libelous promotion linked to the Plaintiff's

business and also from increased prominence Yelp gained from traffic acquisition to the Yelp.com website.

69. Further, the Plaintiff has been deprived of money and reputation as a result of he Defendants wrongful conduct and unlawful acts and practices and, therefore, has sustained injury in fact.

70. The Plaintiff seeks a Court Order requiring the Defendant to immediately cease such violations of Malicious Libel and enjoining the Defendant from continued deceptive promotions about the Plaintiff's business via the misleading, unlawful and unfair business acts and practices complained herein.

71. Accordingly Plaintiff is entitled to injunctive relief and equitable relief and restitution of advertising monies paid to Google which were nullified and caused to be ineffective by Yelp and any other lost revenue caused by Defendant by means of such unlawful business practices, acts of Unfair Competition and Malicious Libel plus interest and attorneys fees, so as to restore any and all monies to Plaintiff which were lost.

**WHEREFORE**, Plaintiff Douglas L. Kimzey prays for relief as follows:

## FOURTH CAUSE OF ACTION

(Libel Per Se)

(Plaintiff Kimzey v. Defendant Yelp Inc.)

72. Plaintiff incorporates by reference paragraphs 1 though 71 inclusive, as though fully set forth herein.

- 14 -

Kimzey vs. Yelp Inc.                United States District Court for the Western District of WA

73.  Plaintiff asserts this cause of action on behalf of himself and others similarly situated (non sponsors).

74.  Defendant did in fact create and develop and was the speaker of **Libelous Per Se** content in words, at which time Yelp caused that content to appear on another company's website Google.com. Libelous Per Se content in words that the public believes to be fact and not just the opinion of Yelp by virtue of the deceptive statements made by Yelp about the truth of its reviews and that statement being corroborated by an image of a one-star rating above it developed and created by Yelp and doing so caused the Plaintiff injury in his business and reputation, and prevented the Plaintiff from performing his occupation, and had reason to know of its falsity, and continued to do so upon knowing and did so for financial gain, and for the purpose of traffic acquisition to the Yelp.com website, and for prominence in the market place, prominence that would not otherwise have been realized. Thereby committing the unlawful act of Libel Per Se against the Plaintiff.

**WHEREFORE**, Plaintiff Douglas L. Kimzey prays for relief as follows:

### CLAIM FOR RELIEF

**Violations of, Unfair Competition, Unfair Business Practice RCW 19.86.020**

**VIOLATION OF THE RICO ACT (CIVIL) 18 U.S.C. § 1964(c)**

75.  Plaintiff alleges and incorporates the allegations elsewhere in this complaint as if fully set forth herein.

76.  **Libelous one-star promotions** developed and created by Yelp and

- 15 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

caused to appear on Google as alleged herein, constitute unfair business acts and practices because, they are immoral unscrupulous and offend public policy.

77. **Extortion tactics** used in Yelp's present business model as alleged herein constitute unfair business acts and practices because they are immoral, unscrupulous, and offend public policy.

78. **Sale of advertisements** by Yelp to the Plaintiff's competitors that appear on libelous promotions linked to the Plaintiffs business, and are caused to appear on Google.com, another company's website by Yelp as alleged herein constitute unfair business acts and practices because they are immoral, unscrupulous, and offend public policy.

79. **Deceptive statements** Yelp makes about the truth of its reviews, alleged herein constitute unfair business acts and practices because they are immoral, unscrupulous, and offend public policy.

80. **Libelous Per Se content** Yelp caused to appear on Google as alleged herein constitute unfair business acts and practices because they are immoral, unscrupulous, and offend public policy.

81. The practices of Yelp complained of herein had no countervailing benefit to the public or consumers when, weighed against the harm caused by such practices.

### PRAYER FOR RELIEF

**WHEREFORE**, as a result of the forgoing, Plaintiff Douglas L. Kimzey on behalf

- 16 -

Kimzey vs. Yelp Inc.                    United States District Court for the Western District of WA

of himself, and others similarly situated and the public prays for relief as follows:

1. Declaring this action to be proper.

2. Enjoining the Defendant from conducting its business through the unlawful acts and practices described in this complaint;

3. Requiring Defendant to disgorge its ill-gotten gains, as appropriate;

4. Rewarding Plaintiff restitution as appropriate;

5. Awarding Plaintiff damages including punitive damages, as appropriate;

6. Awarding Plaintiff pre- and post-judgment interest;

7. Awarding Plaintiff all costs and expenses, including attorneys' fees.

8. Granting such other and further relief as this Court may deem necessary proper and /or appropriate.

**JURY DEMAND**

1. Plaintiff demands a trial by Jury.

DATED: September 23, 2013                         Respectfully Submitted

*Douglas L. Kimzey*
DOUGLAS L. KIMZEY (Pro Se)