UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **DOUGLAS L. KIMZEY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**YELP INC.**, a Delaware corporation,<br><br>Defendant. | Case No.: 2:13-cv-01734-RAJ<br><br>**DEFENDANT YELP INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br><u>January 10, 2014</u> |

Nothing in Plaintiff's Complaint (Dkt. # 1) or Response (Dkt. # 16) amounts to a plausible allegation that Yelp authored any of the content underlying Plaintiff's claims. Thus, a straightforward application of Section 230(c)(1) of the Communications Decency Act ("CDA 230") rules requires dismissal of Plaintiff's lawsuit. In attempting to salvage his claims, Plaintiff makes two additional arguments: (1) that the availability of Yelp reviews through Google's search engine somehow undermines CDA 230 protection; and (2) that Yelp's offers of advertising somehow amount to extortion. Response, ¶¶ 2-8; ¶¶ 9-10. Plaintiff's first argument does not change the CDA 230 analysis, and the second fails to satisfy the minimal pleading standards required by the Federal Rules. Because it is clear that a third-party user of Yelp's free website (Sarah K.) generated the content at issue here, and CDA 230 precludes Yelp from being

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 1
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

1 held liable for this content, the Court should strike and dismiss Plaintiff's Complaint. Further, because Plaintiff cannot amend his Complaint to allege a cause of action that overcomes CDA 230's bar, the Court should dismiss the Complaint with prejudice.

A. **Plaintiff Does Not Contest Application of the Anti-SLAPP Elements or that a Third Party Submitted the Review**

Plaintiff's Response does not dispute that the Review is a statement in connection with an issue of public concern or that Yelp's Motion otherwise satisfies the anti-SLAPP standards. Plaintiff therefore has the burden of proving that he can make out a prima facie case. RCW 4.24.525(4)(b). He fails to do this.

Yelp's Motion highlighted the pleading deficiencies in Plaintiff's Complaint. The Motion also attached credible evidence making clear that a third party created the Review underlying the Complaint. MacBean Decl. (Dkt # 11), Ex. A. This is evident from the face of the Review itself, which was expressly authored by Yelp user Sarah K. Plaintiff implicitly concedes that the Review was written by a Yelp user (*i.e.*, Sarah K.)—Plaintiff's Response contains *no* discussion of, or argument regarding, authorship of the Review or whether Sarah K. authored the Review. The closest Plaintiff comes to disputing authorship of the Review is in paragraph 17 of his Response where he argues that his locksmith business "does not use 'Technicians' . . . [and] does not use the pricing as asserted." Response, ¶ 17. Even liberally construed, however, this is merely an argument that the Review was somehow inaccurate, but not that it was authored by someone other than Sarah K. There is certainly no credible allegation that Yelp participated in any way in authoring the Review. Thus, there are no plausible allegations that can deprive Yelp of CDA 230's broad immunity. *See* Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 564 F. Supp. 2d 544, 548 (E.D. Va. 2008), *aff'd*, 591 F.3d 250 (4th Cir. 2009) ("The complaint must, however, plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'") (citing Ashcroft v. Iqbal, 555 U.S. 662, 668 (2009)). This is enough to resolve the Motion in Yelp's favor.

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 2
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

The "one star" rating submitted by Sarah K. as part of the Review is likewise content submitted by a third party and is covered by CDA 230's broad immunity. Levitt v. Yelp! Inc., No. C-10-1321 EMC; No. C-10-2351 EMC, 2011 U.S. Dist. LEXIS 124082, at *22 (finding Gentry "persuasive," and holding that aggregate star rating on Yelp is protected under CDA 230). Moreover, as argued in Yelp's Motion (pp. 20-21), the "star rating" is a statement of opinion and therefore not actionable under First Amendment standards. Browne v. Avvo, Inc., 525 F. Supp. 2d 1249, 1250 (W.D. Wash. 2007). Plaintiff's Response does not offer any arguments to the contrary and if anything confirms that the star rating is a matter of opinion. *See* Response, ¶ 2 ("'one star' . . . meaning 'the worst'").

Plaintiff's two remaining contentions are: (1) Yelp "caused to appear" the content on Google and this was somehow a promotion of some sort and (2) the Review is part of some complex scheme on Yelp's part. Neither of these specious arguments is sufficient to overcome Yelp's CDA 230 immunity.[1]

**B.      That the Review Was Available Through Third-Party Search Engines is Irrelevant**

Plaintiff repeatedly argues that Yelp "caused to appear" the Review on Google and this somehow renders Yelp legally responsible for the content. *See* Response, ¶ 2; ¶ 5; ¶ 7. There is no dispute that reviews and other content on Yelp's Site may be displayed not just on the Site, but also through other means including "a variety of third-party search engines." *See* Sollitto Decl. (Dkt. # 12) ¶ 20. Indeed, the utility of the Site and the free speech rights of its users are enhanced by members of the public being able to find consumer reviews in a variety of ways, including through search engines.[2] The precise mechanism for how this occurs is inaccurately

---

[1] Plaintiff also alludes to the placement of advertisements by third parties, who Plaintiff describes as "competitors." Response, ¶ 19. This does not in any way affect the CDA 230 analysis. Goddard v. Google, Inc., 640 F. Supp. 2d 1193, 1201 (N.D. Cal. 2009) (rejecting attempt to hold Google liable for third party advertisements).

[2] Kimzey repeatedly refers to the Review as made available through Google as a "commercial promotion". *See* Response, ¶¶ 5-8. While Kimzey does not offer any specifics beyond attaching this label, it is clear from the face of the Review that it does not promote Yelp in any way, and availability of the Review through third-party search engines does not change this. While Kimzey does not make a credible argument to this effect, and the Court thus need not reach this issue, the Review does not constitute commercial speech under First Amendment standards.

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 3
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

described by Plaintiff but is in any event irrelevant—the case law makes clear that as "information provided by another information content provider," CDA 230 protects Yelp's publication of user reviews and ratings. This robust protection is preserved regardless of the precise means or scope of publication, and even if the content is made available through third-party websites or other methods of further distribution to the public. *See* Prickett v. Infousa, Inc., 561 F. Supp. 2d 646, 651 (E.D. Tex. 2006) (providing user generated content "to other businesses who pay for the license to reproduce the information in their own mediums" does not result in loss of CDA 230 protection). As noted by the California Court of Appeal in Barrett v. Rosenthal, in enacting CDA 230, Congress did away with the traditional distinction between "distributors" and "publishers" for providers and users of "interactive computer services". Barrett v. Rosenthal, 40 Cal. 4th 33, 77-78 (2006) (email list operator who forwarded third party's email to entire email list protected by CDA 230). Therefore, even if Yelp took active steps to make user reviews available through third-party search engines, websites, or other mediums, this would not in any way affect its entitlement to CDA 230 immunity or otherwise somehow transmute third-party created content into Yelp created content. Id.; *see also* Phan v. Pham, 182 Cal. App. 4th 323, 328 (2010) (claim against person who forwarded email authored by third party precluded by CDA 230).

**C.     Plaintiff's Vague Allegations Regarding Advertising Sales are Insufficient**

Plaintiff also implies that Yelp would alter or delete the Review in exchange for advertising with Yelp, but his allegations are impermissibly vague on this point. Response, ¶ 9.[3] But Plaintiff has not stated a claim for extortion, and his arguments do not describe the threats of

---

Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 66 (1983) (defining commercial speech as "speech which does 'no more than propose a commercial transaction.'").

[3] These insinuations are also false, and Plaintiff appears to be parroting failed allegations from a different, rejected case. *See generally*, Levitt v. Yelp! Inc., No. C-10-1321 EMC; No. C-10-2351 EMC, 2011 U.S. Dist. LEXIS 124082 (N.D Cal. Oct. 26, 2011) (dismissing extortion-related claims against Yelp and finding both that claims lacked plausibility, and that Yelp was protected from such claims under CDA 230).

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 4
Case No.: 2:13-CV-01734-RAJ

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

fear that would be required for such a claim. Sosa v. DIRECTV, Inc., 437 F.3d 923, 939 (9th Cir. 2006) (noting that extortion claim requires "actual or threatened force, violence, or fear"); United States v. Pascucci, 943 F.2d 1032, 1036 (9th Cir. 1991) ("transmittal of a threat . . . is an integral element of federal extortion"). Kimzey describes in hypothetical terms the "obvious expectation" that Yelp would remove content if he advertised, but he does not point to any statements that Yelp supposedly made that would lead to this unfounded expectation, or why purchasing advertising from Yelp would lead to any result other than Yelp's display of the purchased advertising. Kimzey's baseless speculation regarding Yelp's supposed motivations in publishing the Review strain credulity and are wholly unsupported by any plausible allegations. To the contrary, as explained in Vince Sollitto's declaration, Yelp's publication of user reviews and implementation of its recommendation software involve classic exercises of editorial discretion, and CDA 230 therefore protects them. Sollitto Decl. ¶ 18. Further, as Mr. Sollitto's declaration, the Site, and Yelp's other materials make abundantly clear, advertisers cannot "delete, change, or re-order" reviews. Sollitto Decl. ¶ 16. There is nothing in Plaintiff's submissions to the contrary. Accordingly, Plaintiff's baseless allegations regarding Yelp's supposed advertising pitch are insufficient to salvage Plaintiff's claims.

## CONCLUSION

Plaintiff's lawsuit is a clear attempt to penalize Yelp for actions taken in the public interest, namely operating an online public forum and making available through that forum a third-party consumer review regarding Plaintiff's business. Neither the Complaint nor Plaintiff's Response contain any plausible facts showing that Yelp created or developed the content in question. Accordingly, CDA 230 clearly bars Plaintiff's claims. Plaintiff's attempts to plead around Yelp's CDA 230 immunity fail. For the reasons set forth in Yelp's Motion and in this Reply, Plaintiff's Complaint should be dismissed with prejudice.

Dated and respectfully submitted, this 10th day of January, 2014.

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 5
Case No.: 2:13-CV-01734-RAJ

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

*Counsel for Defendant Yelp Inc.*

**FOCAL PLLC**

*s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA # 28269
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
**Phone**: 206.529.4827
**Fax**:     206.260.3966
**Email**:  venkat@focallaw.com

**Yelp Inc.**

*s/ Aaron Schur*
Aaron Schur, (Cal. SBN 229566)
(admitted *pro hac vice*)
140 New Montgomery Street
San Francisco, CA 94105
**Phone**: 415.908.3801
**Fax**:     415.908.3833
**Email**:  aschur@yelp.com

DEFENDANT YELP INC.'S REPLY IN SUPP.
OF MOT. TO STRIKE AND TO DISMISS - 6
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

**CERTIFICATE OF SERVICE**

I certify that on January 10, 2014, I filed the foregoing **Reply in Support of Motion to Strike and to Dismiss** using the Court's CM/ECF system which will send notification of such filing to Plaintiff (who is registered with the Court's CM/ECF system). I also caused a copy of the document to be sent via U.S. Mail to Plaintiff's address listed on the Complaint.

DATED: January 10, 2014.

*s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA # 28269

CERTIFICATE OF SERVICE
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966