**HONORABLE RICHARD A. JONES**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **DOUGLAS L. KIMZEY**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**YELP INC.**, a Delaware corporation,<br><br>Defendant. | Case No.: 2:13-cv-01734-RAJ<br><br>**DEFENDANT YELP INC.'S REQUEST FOR LEAVE TO SUPPLEMENT REPLY IN SUPPORT OF MOTION TO STRIKE AND DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>January 10, 2014 |

## I. INTRODUCTION

Defendant Yelp Inc. respectfully requests the Court strike Plaintiff Douglas Kimzey's late-filed errata, or in the alternative, allow Yelp to supplement its Reply as set forth below.

Kimzey, a locksmith, alleges that Yelp's act of publishing a review of Kimzey's business on Yelp's website constitutes defamation and unfair competition. Kimzey also alleges vaguely that Yelp engaged in extortion. Yelp filed a Motion to Strike and to Dismiss, arguing that (1) Kimzey's own allegations demonstrate that the Review in question was authored by a third party (Sarah K.) and Yelp thus could not be held liable consistent with CDA 230; and (2) Kimzey's vague allegations do not amount to extortion on the part of Yelp. Yelp filed its Motion on December 13, 2013, and the Motion was noted for January 10, 2014 (it is currently

DEFENDANT YELP INC.'S REQUEST
FOR LEAVE TO SUPPLEMENT REPLY - 1
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

pending). On January 5, 2014, Kimzey filed a Response (Dkt. 16), and Yelp filed its Reply on January 10, 2014. Then, almost two months later, on March 16, 2014, while the Motion was still pending, Kimzey filed an errata styled as a praecipe (Dkt. 19). The praecipe contained two minor revisions to his Response, but also attached 6 new exhibits (Dkts. 20-1 through 20-6). Kimzey's filing is untimely: Local Rule 7(b)(2), (d)(3), and (m) require a party opposing a motion to file opposing papers and supporting materials on the Monday before the noting date (*i.e.*, January 6, 2014) and require a party to file "complete documents". LCR 7(b)(2); (d)(3); (m). A party is allowed to file a praecipe, but must do so promptly. LCR 7(m). A delay of two months should not be considered prompt. Nevertheless, in the event the Court is inclined to consider Kimzey's filings, Yelp respectfully submits this short response under LCR 7(g).

## II. DISCUSSION

Kimzey's filings consist of screenshots of various search results that include the Review. He also attaches what appears to be a screenshot of a 2011 Securities and Exchange Commission filing by Yelp and what purports to be html code from Yelp's Site. These materials simply confirm what Yelp argued in its Motion—Kimzey is complaining about a third party review and he does not provide any evidence or allegations that Yelp authored any portion of the Review. Accordingly, Kimzey's latest filings merely reinforce that the Court should grant Yelp's Motion and dismiss Kimzey's claims.

Kimzey's first four exhibits appear to be search results on popular search engines that display a part of the Review. (*See* Dkt. 20-1 (Google); 2 (Google); 3 (Yahoo); 4 (Bing).) While Yelp does not concede the authenticity of these exhibits, they merely show that the review in question was made available via search engines. Kimzey vaguely alleges in his Response brief that the Review was somehow part of a "commercial promotion created by Yelp," (*see* Response, p. 5; 8-9) but the exhibits indicate to the contrary that the Review merely consists of the user-provided content on Yelp's website that internet users can locate via search engines. Kimzey does not contest that a Yelp end user (Sarah K.) authored the Review, and the text of the

DEFENDANT YELP INC.'S REQUEST
FOR LEAVE TO SUPPLEMENT REPLY - 2
Case No.: 2:13-CV-01734-RAJ

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

Review in the exhibits submitted by Kimzey appears identical to the text of the Review that was implicitly acknowledged by Kimzey and confirmed by Yelp to be authored by Sarah K.

Kimzey's final two exhibits relate to the availability of Yelp reviews and other user-generated content via Google. As set forth in Yelp's Reply brief, the precise mechanism through which Yelp content is made available via third party sites and sources is irrelevant. As long as the content in question was provided by a third party, CDA 230's broad immunity applies, and precludes Kimzey's claims. Even assuming Yelp took active steps to make such content available through third party websites and other means, Yelp is nevertheless insulated by CDA 230. *See* Prickett v. Infousa, Inc., 561 F. Supp. 2d 646, 651 (E.D. Tex. 2006) (providing user generated content "to other businesses who pay for the license to reproduce the information in their own mediums" does not result in loss of CDA 230 protection). The result is the same, even if Yelp took steps to make the third party content easier to find. Ascentive, LLC v. Opinion Corp., 842 F. Supp. 2d 450, 476 (E.D.N.Y. 2011) ("SEO tactics and its use of plaintiffs' marks to make [defendant's] pages appear higher in search engine results list . . . do not render [defendant] an information content provider"). Finally, even if Yelp had made minor alterations to the review in question—which is not the case and which Kimzey does not allege—this also would not cause Yelp to lose its protection under CDA 230. Batzel v. Smith, 333 F.3d 1018, 1031 (9th Cir. 2003) ("minor alterations of … e-mail prior to its posting" do not affect CDA 230 immunity).

### III. CONCLUSION

The exhibits submitted with Kimzey's praecipe do not amount to plausible facts or allegations that Yelp created or developed the content underlying Kimzey's Complaint. To the contrary, they merely confirm that the Review in question was authored by a third party (Sarah K.) and that it was made available via Yelp's Site and other third party sites. As such, Yelp is clearly entitled to immunity under CDA 230, and the Court should grant Yelp's Motion.

Dated and respectfully submitted, this 20th day of March, 2014.

DEFENDANT YELP INC.'S REQUEST
FOR LEAVE TO SUPPLEMENT REPLY - 3
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

*Counsel for Defendant Yelp Inc.*

**FOCAL PLLC**

*s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA # 28269
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
**Phone**: 206.529.4827
**Fax**:     206.260.3966
**Email**:  venkat@focallaw.com

DEFENDANT YELP INC.'S REQUEST
FOR LEAVE TO SUPPLEMENT REPLY - 4
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

# CERTIFICATE OF SERVICE

I certify that on March 20, 2014, I filed the foregoing **Request for Leave to Supplement Reply in Support of Motion to Strike and to Dismiss** using the Court's CM/ECF system which will send notification of such filing to Plaintiff (who is registered with the Court's CM/ECF system). I also caused a copy of the document to be sent via U.S. Mail to Plaintiff's address listed on the Complaint.

DATED: March 20, 2014.

*s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA # 28269

CERTIFICATE OF SERVICE
Case No.: 2:13-CV-01734-RAJ

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966