UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS L KIMZEY,

         Plaintiff,

v.

YELP INC.,

         Defendant.

CASE NO. C13-1734RAJ

ORDER

This matter comes before the court on defendant Yelp Inc.'s special motion to strike and motion to dismiss for failure to state a claim. Dkt. # 10. Having reviewed the memoranda, complaint, documents subject to judicial notice or referenced extensively in the complaint, and the record herein, the court finds that the Communications Decency Act ("CDA") immunizes defendant from the entirety of plaintiff's lawsuit. Accordingly, the court does not address defendant's special motion to strike.

Plaintiff alleges claims for violation of the Racketeer Corrupt and Influenced Organizations Act ("RICO"), violation of the Washington Unfair Practices and Unfair

ORDER- 1

Competition Act, malicious libel and libel per se.[1] Dkt. # 1. All of plaintiff's claims rely on statements made on Yelp regarding plaintiff's business in September 2011 and September 2012, and that were published on Google. *Id.* ¶¶ 22-23, 30, 52-53 63, 67, 74. Plaintiff alleges that the libelous statements were "created and developed in whole or in part by Yelp" and that "Yelp took ownership and was the speaker of the Libelous Per Se statement at which time Yelp caused it to appear on Google to promote the Yelp brand and to gain prominence in the market place and to profit from it financially." *Id.* ¶¶ 33, 35.

The September 20, 2011 Yelp review referenced in plaintiff's complaint[2] was posted by a user "Sarah K":

> THIS WAS BY FAR THE WORST EXPERIENCE I HAVE EVER ENCOUNTERED WITH A LOCKSMITH. DO NOT GO THROUGH THIS COMPANY. I had just flew back from a long business trip with absolutely no sleep, had to drive into work right after getting off the plane. I was so tired that I locked my keys in the car. So when I realized what happened I called Redmond Mobile. The gentlemen on the phone told me that a technician would be out ASAP and quoted me $50 for the service, which seemed reasonable. $35 for the service call and $15 for the lock. The technician called and said he'd be at my office in 30 min, an hour goes by and nothing. Call the company back to ask about the ETA and was greeted rudely by the person I had spoken to earlier. He took no responsibility. After the technician finally showed up, he was trying to charge me $35 for the service call and $175 for the lock. I got 20% off after trying to argue with him about being late and the incorrect quote. Supposedly, the lock is $15 and up. Bullshit. CALL THIS BUSINESS AT

---

[1] The immunity provided by the CDA does not extend to laws pertaining to criminal laws, intellectual property laws, or communications privacy laws. 47 U.S.C. § 230(e). None of plaintiff's claims fall within the narrow exceptions to CDA immunity.

[2] The court generally may not consider material beyond the pleadings in ruling on a motion to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, where documents are referenced extensively in the complaint, form the basis of plaintiffs' claim, or are subject to judicial notice, the court may consider those documents in the context of a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). Plaintiff's complaint relies extensively on and quotes from a Yelp review that defendant has provided as an exhibit. *See* Dkt. # 1 ¶¶ 22-27, 30-36, 41-42. Accordingly, the court may consider the Yelp review. Dkt. # 11-1 (Ex. A to MacBean Decl.).

> YOUR OWN RISK. I didn't even need new keys. I just needed my car unlocked.

Dkt. # 11-1 (Ex. A to MacBean Decl.). The September 24, 2012 Yelp statement referred to in the complaint was also posted by a user "Sarah K":

> I was just informed recently by a friend that this business has been trying to contact others on my friends list asking about my original review. A year ago, I had also received similar msgs from this business and also yelp requesting authentication of the review and the business directly asking me to take down the review because I must have gotten the company incorrect. So let me clarify, I do not work for a competitor of this business nor do I appreciate this type of harassment. I've already confirmed to Yelp that indeed this review was meant for Redmond Mobile Locksmith and I have the receipt to prove it. I will be issuing an official complaint to Yelp about this now.

*Id.*

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "the court is to take all well-pleaded factual allegations as true and to draw all reasonable inferences therefrom in favor of the plaintiff." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 663 (9th Cir. 1998). However, the complaint must indicate more than mere speculation of a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). This court holds the pleadings of *pro se* complainants to less stringent standards than those of licensed attorneys. *Haines v.*

ORDER- 3

*Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, every complainant must demonstrate some claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties: "No provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c); *Fair Housing Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008). "This grant of immunity applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Id.* § 230(f)(3); *Fair Housing Council*, 521 F.3d at 1162. "A website operator can be both a service provider and a content provider: If it passively displays content that is created entirely by third parties, then it is only a service provider with respect to that content. But as to content that it creates itself, or is 'responsible, in whole or in part' for creating or developing, the website is also a content provider." *Fair Housing Council*, 521 F.3d at 1162.

Here, plaintiff alleges that Yelp is "a nationwide Internet business directory and business reliability rating and review service." Dkt. # 1 ¶ 6. Plaintiff also alleges that Yelp asks multiple choice questions for a reviewer to click on the number of stars, and that Yelp designed and created the star image and color, which is the rating system. *Id.* ¶ 42. Based on these allegations, the court finds that Yelp qualifies as an "interactive computer service" within the meaning of the CDA.[3] Plaintiff also makes conclusory allegations that Yelp created and developed the libelous promotion, and caused that

---

[3] "Interactive computer service" is defined to mean "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

statement to appear on Google.  The court need not take conclusory allegations that are unsupported by plausible factual allegations as true.  Rather, the Yelp review itself makes clear that the individual who "created and developed" the review is a user named "Sarah K."  Thus, "Sarah K" is the information content provider of the reviews, not Yelp.  Nevertheless, plaintiff alleges that Yelp designed and created the star rating system.  However, "[t]he mere fact that an interactive computer service 'classifies user characteristics does not transform [it] into a 'developer' of the underlying misinformation."  *Fair Housing Council*, 521 F.3d at 1172 (quoting *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003)).  Indeed, Yelp's star rating program is similar to eBay's color-coded star rating system that the Ninth Circuit analogized in holding that classifying user characteristics into discrete categories and collecting responses to specific essay questions does not transform an interactive computer service into a developer of the underlying misinformation. *Carafano*, 339 F.3d at 1124 (citing *Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 717-18 (Cal. App. 2002)).

      Accordingly, the court finds that plaintiff has not alleged non-conclusory factual content that is plausibly suggestive of a claim entitling him to relief.  The court also finds that allowing amendment would be futile under these circumstances.

      For all the foregoing reasons, the court GRANTS defendant's motion to dismiss.  The Clerk is directed to enter judgment in favor of defendant and against plaintiff.

      Dated this 7th day of May, 2014.

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge